UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHELLE B.,[1]

                          Plaintiff,

v.                                              20-CV-168 (JLS)

COMMISSIONER OF
SOCIAL SECURITY,

                          Defendant.
_____

## DECISION AND ORDER

        Plaintiff Michelle B. commenced this action under the Social Security Act, seeking review of the Commissioner of Social Security's determination that she was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 10. The Commissioner responded to the motion and cross-moved for judgment on the pleadings. Dkt. 11. Plaintiff replied. Dkt. 13.

        For the reasons discussed below, the Court grants the Commissioner's motion for judgment on the pleadings and denies Plaintiff's motion for judgment on the pleadings.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this Decision and Order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

On August 7, 2013, Plaintiff applied for Supplemental Security Income, alleging disability beginning June 2, 2009. Tr. 47-48. The claim was denied on November 4, 2013. Tr. 56. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), which occurred on March 24, 2016. Tr. 25-46. The ALJ issued a decision unfavorable to Plaintiff on April 20, 2016. Tr. 9-19. On June 19, 2017, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Tr. 1-3.

Plaintiff appealed her denial, and the parties filed a stipulation for remand on June 21, 2018. Tr. 485. The Appeals Council vacated the ALJ's decision on December 8, 2018. Tr. 478-79. After a hearing on September 23, 2019, ALJ Mary Mattimore issued a decision concluding that Plaintiff was not disabled under the Social Security Act. Tr. 402-17, 429-42. On February 7, 2020, Plaintiff appealed ALJ Mattimore's decision to this Court. Dkt. 1.

## LEGAL STANDARDS

### I. District Court Review

This Court's review of the ALJ's decision is deferential in nature. 42 U.S.C. § 405(g). The scope of review of a disability determination involves two levels of inquiry. *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). First, the Court must "decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* The Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes" of the Social Security Act. *See Moran v. Astrue*, 569 F.3d

2

108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Second, the Court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citation omitted). The Court does not "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotations and citation omitted). But "the deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

Indeed, if there is "a reasonable basis for doubt whether the ALJ applied correct legal principles," applying the substantial evidence standard to uphold a finding that the claimant was not disabled "creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." *See Johnson*, 817 F.2d at 986.

## II. Disability Determination

An ALJ evaluates disability claims through a five-step process established by the Social Security Administration to determine if a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). At step one, the ALJ determines whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). If so, the

claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. *Id.* § 404.1520(a)(4).

At step two, the ALJ decides whether the claimant suffers from any severe impairments. *Id.* § 404.1520(a)(4)(ii). If there are no severe impairments, the claimant is not disabled. *Id.* If the claimant has severe impairments, the ALJ proceeds to step three. *Id.* § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or combination of impairments meets or equals an impairment listed in the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant's severe impairment or combination of impairments meets or equals an impairment listed in the regulations, and meets the duration requirement, the claimant is disabled. *Id.* §§ 404.1520(a)(4)(iii), (d).

But if the ALJ finds that no severe impairment or combination of impairments meets or equals an impairment in the regulations, he or she proceeds to calculate the claimant's residual functional capacity ("RFC"). *Id.* §§ 404.1520(a)(4)(iv), (e). The RFC is a holistic assessment that addresses the claimant's medical impairments—both severe and non-severe—and evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for his or her collective impairments. *See id.* §§ 404.1520(e), 404.1545.

The ALJ then proceeds to step four and determines, using the claimant's RFC, whether the claimant can perform past relevant work. *Id.*

4

§§ 404.1520(a)(4)(iv), (e). If the claimant can perform past relevant work, she is not disabled, and the analysis ends. *Id.* §§ 404.1520(a)(4)(iv), (f). But if the claimant cannot, the ALJ proceeds to step five. *Id.* §§ 404.1520(a), (f).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); 20 C.F.R. §§ 404.1520(a)(4)(v), (g). Specifically, the Commissioner must prove the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (internal quotations and citation omitted).

## DISCUSSION

### I. The ALJ's Decision

The ALJ evaluated Plaintiff's claim for benefits under this process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 404. At step two, the ALJ determined that Plaintiff had the following severe impairments: obesity; lumbar spondylosis and disc protrusions/herniations; and cervical disc disease. Tr. 404. At step three, the ALJ concluded that Plaintiff's impairments did not meet or medically equal the severity of the impairments listed in the regulation. Tr. 406-07. The ALJ then determined Plaintiff's RFC:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). The claimant can lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently. She can sit six hours out of an eight-hour workday for 30 minutes at a time then

requires the freedom to stand for two to three minutes while at a workstation and on task. She can stand for three hours in an eight-hour workday but only for 30 minutes at a time then requires the freedom to sit for two to three minutes while on task at a workstation. She can walk for two hours in an eight-hour workday but only for 20 minutes at a time then requires the freedom to sit for two to three minutes while at a workstation and on task. The claimant can occasionally climb stairs and ramps with a railing. She can occasionally kneel, crouch and stoop. She can never climb ladders, scaffolds or crawl. She cannot tolerate exposure to heavy vibrating machinery or dangerous equipment, unprotected heights or extreme cold. She can perform simple, routine work and make simple workplace decisions.

Tr. 407.

At step four, the ALJ determined that Plaintiff had no past relevant work. Tr. 415. And at step five, considering the Plaintiff's age, education, work experience, and RFC, the ALJ relied on the testimony of a vocational expert to determine that jobs exist in significant numbers in the national economy that the Plaintiff can perform—including a ticket seller, a parking lot attendant, and a cashier. Tr. 416. As a result, the ALJ concluded that Plaintiff was not under a disability from August 7, 2013 through the date of the decision. Tr. 416.

## II.     Analysis

Plaintiff claims two errors with the ALJ's RFC finding. *See* Dkt. 10, at 1. First, Plaintiff argues that the ALJ failed to reconcile her RFC finding regarding Plaintiff's ability to push and pull with the opinion evidence assigned "significant" weight and "some" weight. *Id.* Second, Plaintiff argues that the ALJ failed to evaluate properly her need to use a cane. *Id.*

For the below reasons, the Court disagrees with Plaintiff. Moderate physical limitations are consistent with light work, and the ALJ sufficiently explained her

reasoning behind the push-and-pull portion of the RFC. The ALJ also sufficiently considered Plaintiff's need for a cane before concluding that a cane was not medically necessary. Thus, the Commissioner is entitled to judgment on the pleadings.

### A. Substantial evidence supports the push-and-pull portion of the ALJ's RFC determination.

Plaintiff argues that the ALJ did not properly reconcile her RFC finding with medical opinions from Dr. Jung and Dr. Liu addressing pushing and pulling limitations. In particular, Plaintiff argues that the pushing and pulling limitations in the RFC are not consistent with Dr. Jung's opinion that Plaintiff is moderately limited in her ability to push and pull. As relevant here, the RFC limits Plaintiff to pushing and pulling 20 pounds occasionally and 10 pounds frequently.

First, moderate physical limitations are consistent with light work. *See, e.g.*, *White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019) (disagreeing with Plaintiff's claim that the ALJ could not infer Plaintiff's ability to perform light work based on a doctor's opinion that Plaintiff had moderate limitations, and holding that it could "[]not conclude that a reasonable factfinder would have to conclude that [Plaintiff] lacked the ability to perform light work with the limitations articulated with the ALJ") (internal quotations, citation, and emphasis omitted); *Gurney v. Colvin*, No. 14-CV-688S, 2016 WL 805405, at *3 (W.D.N.Y. Mar. 2, 2016) (noting that "moderate limitations—such as [regarding repetitive heavy lifting, bending, reaching, pushing, pulling, or carrying]—"are frequently found to be consistent with an RFC for a full range of light work"); *Nelson v. Colvin,* No. 12-CV-1810, 2014 WL 1342964, at *12

7

(E.D.N.Y. Mar. 31, 2014) (concluding that "the ALJ's determination that Plaintiff could perform 'light work'" was supported by a doctor's "assessment of 'mild to moderate limitation for sitting, standing, walking, bending, and lifting weight on a continued basis'"). Dr. Jung's opinion that Plaintiff is moderately limited in her ability to push and pull and Dr. Liu's opinion that Plaintiff could occasionally push and pull, therefore, are consistent with an RFC for a range of light work.

In addition, substantial evidence in the record supports the ALJ's determination. The ALJ concluded that Dr. Levine's opinion was reliable and consistent with the record and, accordingly, gave it great weight. Tr. 415. Dr. Levine testified that multiple examinations indicated that Plaintiff exhibited no motor or sensory deficits. Tr. 409. Dr. Levine also testified that Plaintiff exhibited normal grip strength on examination, a finding incompatible with weakness of the upper extremities. *Id.* Significantly, treatment notes from Dr. Jung state that Plaintiff showed no gross motor or sensory deficits, normal strength, and no neurological deficits, which is consistent with Dr. Levine's conclusions. Tr. 412. Dr. Siddiqui's opinion that Plaintiff had mild pushing and pulling limitations, too, is consistent with Dr. Levine's conclusions and the RFC generally. *See Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) (stating that a consultative examiner's opinion constitutes substantial evidence for ALJ's findings if consistent with other record evidence).

The ALJ's conclusion that Dr. Levine's opinion was the one most supported by the record provides a reasonable basis to disregard inconsistent portions of Dr.

Jung and Dr. Liu's opinions. *See Schaal*, 134 F.3d at 504 ("It is for the SSA, and not this court, to weigh the conflicting evidence in the record."). Plaintiff may disagree with the ALJ's RFC finding, but she did not demonstrate that no reasonable factfinder could have reached the ALJ's conclusions, in light of the evidence in the record. *See Danielle S. v. Comm'r of Soc. Sec.*, No. 1:20-cv-1013-DB, 2021 WL 2227913, at *7 (W.D.N.Y. June 2, 2021). The ALJ's conclusion need not perfectly correspond to any one medical assessment, if—as here—it is supported by the record as a whole. *See David N. v. Comm'r of Soc. Sec.*, No. 19-CV-219-LJV, 2021 WL 2525096, at *4 (W.D.N.Y. June 21, 2021).

The push-and-pull portion of the ALJ's RFC determination is supported by substantial evidence, and the Court denies Plaintiff's motion on that ground.

### B. The ALJ properly evaluated Plaintiff's need to use a cane.

Plaintiff also argues that the ALJ did not properly evaluate Plaintiff's need to use a cane. *See* Dkt. 10, at 1. Specifically, Plaintiff argues that SSR 96-9P requires the ALJ to consider her need for a cane and any resulting impact on the RFC, and that the ALJ did not do so. *See id.* at 12.

The ALJ complied with SSR 96-9P here. In particular, the ALJ determined that the record did not contain specific medical documentation establishing [the] need [for a hand-held assistive device] and the circumstances surrounding its need." *See Hoke v. Colvin*, No. 1:14-CV-0663 (GTS/CFH), 2015 WL 3901807, at *14 (N.D.N.Y. June 25, 2015).

The ALJ considered Plaintiff's statements and testimony regarding cane usage, as well as Dr. Liu's opinion that a cane was medically necessary. The ALJ also noted occasions when Plaintiff was not observed using her cane. Tr. 436-37. For example, Plaintiff presented to her examination with Dr. Siddiqui—as well as several physical therapy sessions—without an assistive device. Tr. 288, 367, 397, 646. Dr. Liu also noted that Plaintiff presented to her exam without a cane. Tr. 412. Plaintiff stated that she used a cane since 2008, but the objective medical evidence presents no sign of cane usage until 2019. Tr. 663. The ALJ also gave great weight to Dr. Levine's opinion that a cane was not medically necessary, and specifically noted that Dr. Levine's testimony was persuasive. Tr. 410, 415.

In addition, the ALJ noted numerous instances where Plaintiff presented relatively normally on exam. A 2016 report from ECMC shows that Plaintiff had full ranges of motion, normal strength, and normal sensation. Tr. 411. And a November 12, 2018 exam by Dr. Jung noted that Plaintiff had no gross motor or sensory deficits. Tr. 412. At an April 23, 2019 exam with Dr. Jung—where Plaintiff was first observed using a cane—Dr. Jung noted no gross motor or sensory deficit, as well as normal strength upon exam. Tr. 413.

By omitting any limitation for a handheld device in the RFC, the ALJ determined that Plaintiff's use of a cane was not medically necessary. The ALJ referenced Plaintiff's cane usage multiple times, indicating that the ALJ sufficiently considered the issue. Tr. 408-13. The record provides substantial evidence in support of the RFC, and in support of the ALJ's determination that use of a cane

was not medically necessary—including the ALJ's decision to reject Dr. Liu's medically necessary determination as inconsistent with the record. *See Hoke*, 2015 WL 3901807, at *12-*13 ("disagree[ing] with [Plaintiff]'s contention that the ALJ did not properly consider [his] need for an assistive device," where the ALJ reviewed the medical evidence in the record and Plaintiff's testimony about his cane use); *Wilson v. Comm'r of Soc. Sec.*, No. 6:13-cv-643 (GLS/ESH), 2014 WL 4826757, at *10-*11 (N.D.N.Y. Sept. 29, 2014) (concluding that Plaintiff did not sustain his burden to establish that a cane was medically necessary, in light of medical evidence that, although Plaintiff sometimes used a cane, he "had a normal gait and ambulated without an assistive device").

The Court denies Plaintiff's motion on this ground as well.

## CONCLUSION

For these reasons, the Court GRANTS Commissioner's motion for judgment on the pleadings (Dkt. 11) and DENIES Plaintiff's motion for judgment on the pleadings (Dkt. 10). The Clerk of the Court shall close this case.

SO ORDERED.

Dated:   January 14, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE